IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBENO SCELETZ CARMICHAEL,
    Plaintiff,

vs.              Case No. 3:11cv86/RV/EMT

JUDGE MICHAEL G. ALLEN,
    Defendant.

## ORDER, REPORT AND RECOMMENDATION

  This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983 (doc. 1), and his motion to proceed *in forma pauperis* (doc. 2). With respect to the latter motion, good cause having been shown, leave to so proceed will be granted.

  Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). In this case, the lone defendant in this action is Escambia County Judge Michael G. Allen, who presided over plaintiff's dissolution of marriage action. Plaintiff alleges that Judge Allen signed an order on January 19, 2011, that was in violation of Florida and Federal law. His main complaint appears to be that he was not afforded a hearing on his pending motions. Plaintiff seeks judgment against Judge Allen in the amount of $10,000, and an order voiding or striking the order complained of.

  Plaintiff's claim for damages cannot stand because Judge Allen is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii). Judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley*, 437 F.3d at 1070. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)); *Mireles*, 502 U.S. at 11, 112 S. Ct. at 288 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). *Sibley*, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Mireles*, 502 U.S. at 11, 112 S. Ct. at 288; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988); *Dykes*, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal jurisdiction retains immunity) (citing cases in accord). No such allegations are present here.

To the extent plaintiff wants this court to review the substance of Judge Allen's order, he also is not entitled to relief. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The *Rooker* and *Feldman* decisions have become known as the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial

proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." *Berman v. Fla. Bd. of Bar Exam'rs*, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting *Feldman*, 460 U.S. at 486). Furthermore, under the *Rooker-Feldman* doctrine, a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.'" *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) (quoting *Wood v. Orange County*, 715 F.2d 1543, 1546 (11th Cir. 1983)). A federal claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Datz*, 51 F.3d at 253–54 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so. *Liedel v. Juvenile Court of Madison County, Ala.*, 891 F.2d 1542, 1545 and n.4 (11th Cir. 1990) (citing *Wood*, 715 F.2d at 1546-47). Plaintiff's complaint was filed on February 16, 2011, twenty-eight days after Judge Allen entered his order in state court. The only federal claim in the complaint appears to stem from a misguided belief that the First Amendment right to petition the government for redress of grievances mandates that the state court schedule a hearing on any petition and/or motions he files. It does not appear from the complaint that plaintiff appealed or sought any review in state court before filing the instant case. Thus no federal claims were raised in state court, and under *Rooker-Feldman* this court lacks jurisdiction to review the state court judgment.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile, and therefore dismissal is appropriate.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is **GRANTED.**

And it is respectfully **RECOMMENDED**:

That this cause be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), and because this court lacks jurisdiction to review orders entered in the state court proceedings. **DONE AND ORDERED** this 24th day of February 2011.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).